PETER Z. STOCKBURGER (SBN 265750)
peter.stockburger@dentons.com
KIMBERLY G.A. DENNIS (SBN 325390)
kimberly.dennis@dentons.com
DENTONS US LLP
4655 Executive Drive, Suite 700
San Diego, California 92121
Telephone: (619) 236-1414
Facsimile: (619) 232-8311

Attorneys for Defendant
CRUMBL, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KRISTEN LOCKHART, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>CRUMBL, LLC,<br>Defendant. | Case No. 3:24-cv-02607-VC<br>**REPLY IN SUPPORT OF DEFENDANT CRUMBL, LLC'S MOTION TO DISMISS**<br>Date: September 26, 2024<br>Time: 10:00 a.m.<br>Place: Courtroom 4<br>Judge: Hon. Vince Chhabria<br>Action Filed: May 1, 2024<br>Trial Date: None Set |

## I. PLAINTIFF'S OPPOSITION DOES NOT REMEDY HER FAILURE TO STATE A CLAIM AGAINST CRUMBL UNDER SECTION 631(a)

### A. Plaintiff Must Amend Her Complaint Because She Concedes She Does Not Allege Stripe Violated Prong One Of Section 631(a).

Plaintiff alleges Crumbl is liable under the fourth prong of Section 631(a) because it allegedly aided and abetted Stripe in Stripe's purported violation of the first prong of Section 631(a). (Compl. at ¶¶ 63, 68). Crumbl addressed this argument in its Motion to Dismiss (Mot. at 12), which Plaintiff does not oppose. Plaintiff's only mention of the first prong of Section 631(a) is in a footnote that states she is not pursuing a claim against Crumbl under the first prong of Section 631(a). (Opp. at

4:28, fn. 1.) Because Plaintiff does not oppose Crumbl's argument that Stripe is not liable under the first prong of Section 631(a), Plaintiff's Complaint must be amended to remove all such allegations.

**B. Plaintiff Fails To Clarify The Factual Basis For Her Allegation Against Stripe Under Prong Two Of Section 631(a).**

Plaintiff's Opposition fails to clarify the exact nature of the information Stripe purportedly "intercepted" from Plaintiff when Plaintiff visited the Crumbl website. Specifically, Plaintiff fails to address her failure to allege sufficient facts to plausibly allege Stripe "intercepted" her intended communication with Crumbl while "in transit"; a mandatory requirement under the second prong of Section 631(a).

Plaintiff instead alleges in her Complaint (Compl. at ¶¶ 31,33, 39, 43, 47) and argues in her Opposition (Opp. at 2:7, 5:5-10) that Stripe's code *allows* for potential interception, *not* that it actually occurred. Indeed, the only allegations in Plaintiff's Complaint addressing interception are conclusory, and never discuss the interception occurring "in transit". (See, e.g., Compl. ¶¶ 4, 10, 11, 12, 18, 19, 26, 28, 31, 43, 47, 50, 53, 66, 73.) Plaintiff does not explain when or how Stripe intercepted Plaintiff's information prior to the time the information reached its intended recipient – Crumbl. *In re Vizio, Inc., Consumer Privacy Litig.*, 238 F. Supp. 3d 1204, 1227-28 & n.9 (C.D. Cal. 2017) (holding that a "vague allegation" that interception occurs "in real time" is too conclusory to state an eavesdropping claim under either CIPA or the Wiretap Act, and that the defendant is entitled to know when the interception actually occurred); *Rosenow v. Facebook, Inc.*, No. 19-cv-1297, 2020 WL 1984062, at *7 (S.D. Cal. Apr. 27, 2020) ("[Plaintiff's] allegation that Yahoo intercepted [Plaintiff's] communications during transit are conclusory."); *American Eagle Outfitters, Inc.*, 659 F. Supp. 3d 1072, 1084-85 (C.D. Cal. 2023) (allegations that do not allege when interception occurs cannot survive a motion to dismiss); *Licea v. Cinmar, LLC*, 659 F. Supp. 3d 1096, 1109-1111 (C.D. Cal. 2023) (same); *Rodriguez v. Google LLC*, No. 20-cv-04688, 2022 WL 214552, at *2 (N.D. Cal. Jan. 25, 2022)

(“using the word ‘intercept’ repeatedly is simply not enough without the addition of specific facts that make it plausible [defendant] is intercepting their data in transit.”); *Pena v. GameStop, Inc.*, 670 F. Supp. 3d 1112, 1120-21 (S.D. Cal. 2023) (threadbare allegations of interception do not equate to interception in transit under CIPA).

Plaintiff also does not address her failure to allege Stripe, or any third-party, “read,” “attempted to read,” or attempted “to learn” the contents of any communication while “in transit.” Even assuming for the sake of argument that Plaintiff alleged an actual interception of keystrokes, mouse clicks, IP address, and geolocation, which is not the case, she never alleges that Stripe, or any person, “read” or “attempted to read” or to “learn” the contents of the “intercepted” or “stored” information while “in transit.” Nor can she. *See* Compl. at ¶¶ 50-51; *see also*, Opp. at 13:13-18 (Stripe only stores the information gathered).

For these reasons, Plaintiff’s allegations relating to Stripe’s violation of prong two of Section 631(a) must be dismissed.

**C. The Party Exception Applies To Stripe.**

Plaintiff does not dispute that parties to a conversation cannot eavesdrop on their own conversation. Thus, to state a claim against Crumbl for aiding and abetting liability under the fourth prong of Section 631(a), Plaintiff must successfully plead that Stripe is not entitled to the party exception and is instead deemed a third party for the purposes of the second prong of Section 631(a). She has not.

It is important to delineate between the two Stripe products Plaintiff alleges Crumbl deployed. First, Plaintiff alleges Crumbl deployed “Stripe Elements,” Stripe’s purported flagship product that allows merchants like Crumbl to process credit card payments. (Compl. at ¶¶ 29, 30.) Plaintiff does not allege that Stripe monetizes the credit card information collected by Stripe through the deployment of Stripe Elements. Stripe, at least with regard to Stripe Elements, should therefore be considered a party extension of Crumbl and Plaintiff should be ordered to amend her Complaint to reflect the same.

Second, Plaintiff alleges Crumbl deployed "Stripe Radar," a tool that purportedly allows Stripe to leverage Plaintiff's data to create "consumer profiles" that it then onward sells to merchants for risk assessment purposes. (Compl. at ¶¶ 33-35.) Plaintiff concedes "Stripe is [not] selling the *data* it receives . . . ." via Stripe Radar. (Opp. at 8:2-3.) Instead, Plaintiff alleges Stripe "monetized the collection of personal consumer data" to sell its risk assessment products to merchants for financial gain. (Compl. at ¶ 40.) The Stripe Services Agreement, of which this Court may take judicial notice, directly contradicts this conclusory allegation. *See* Crumbl's Request for Judicial Notice, Ex. A.

The Stripe Services Agreement states that when Stripe processes "Personal Data" on behalf of Crumbl, Stripe will not commercialize such data. Plaintiff does not dispute this fact, or that Stripe processed her "Personal Data" via the Stripe Radar product. To be a third party, rather than a party extension, Plaintiff must plausibly allege that Stripe reserves the right to commercialize Plaintiff's information. *Graham v. Noom*, 533 F. Supp. 3d 823, 833 (N.D. Cal. 2021). Plaintiff's conclusory allegations of monetization and commercialization of the personal information of a California resident are directly contradicted by the plain words of the Stripe Services Agreement as it relates to Stripe. (Mot. at 14-16.) Plaintiff has therefore failed to plausibly allege facts sufficient to overcome her pleading burden as it relates to the party exception under Section 631(a).

## II. PLAINTIFF FAILS TO REMEDY HER DEFICIENT CLAIM AGAINST CRUMBL UNDER SECTION 632

A claim under Section 632 may only be brought against a "third-party" who "records" a "conversation[.]" Indeed, there is no aiding and abetting theory available under Section 632. *See* Cal. Penal Code § 632. Plaintiff's Opposition does not address this point and instead focuses solely on whether the alleged data involved constitutes a "confidential communication" under Section 632. (Opp. at 8:12-9:23; Compl. at ¶¶ 73-75.) Because the plain text of Section 632 does not permit an aiding and abetting

theory, Plaintiff has not alleged that Crumbl, the only named defendant in this matter, recorded or eavesdropped upon Plaintiff when she inserted her credit card information into Crumbl's payment screen for processing by Stripe.

Even if Plaintiff sufficiently pled a claim against Crumbl under Section 632, Plaintiff's claim fails for the independent reason that the "data collected" does not amount to a confidential communication protected under Section 632.

Plaintiff cites *In re Meta Pixel*, No. 22-CV-07557-PCP, 2024 WL 1251350 (N.D. Cal. Mar. 25, 2024), *Doe v. FullStory, Inc.*, No. 23-CV-00059-WHO, 2024 WL 188101 (N.D. Cal. Jan. 17, 2024), *In re Meta Pixel Helathcare Litig.*, 647 F. Supp. 3d 778 (N.D. Cal. 2022), and *Brown v. Google LLC*, 525 F. Supp. 3d 1049 (N.D. Cal. 2021) in support of her argument that the type of data she exchanged in this case amounts to "confidential communications" under Section 632. Not so.

In *In re Meta Pixel*, the defendant did not raise an argument as to whether the underlying data constituted a "confidential communication." In re Meta Pixel, 2024 WL 1251350, *7 (N.D. Cal. Mar. 25, 2024) (Meta raising arguments about consent, intent, and jurisdiction). In *Fullstory*, the plaintiff sued a website operator *and* various third-parties alleging claims under the California Invasion of Privacy Act – not just the website operator. *Doe v. FullStory, Inc.*, No. 23-CV-00059-WHO, 2024 WL 188101, at *2 (N.D. Cal. Jan. 17, 2024). In *In re Meta Pixel Helathcare Litig.*, 647 F. Supp. 3d 778, 799 (N.D. Cal. 2022), at issue were communications made in the context of a patient-medical provider – which is distinguishable from an e-commerce website. And in *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1074 (N.D. Cal. 2021), the allegation was against a service provider not the website provider. At issue was the use of the internet through a "private browsing mode" which demonstrates an expectation of privacy.

///

///

///

Because Section 632 only penalizes an individual *who records a confidential communication*, which Plaintiff does not allege Crumbl did here, and because the underlying data at issue was not a "confidential communication" under Section 632, Plaintiff's claim against Crumbl under Section 632 must be dismissed.

## III. PLAINTIFF HAD NO REASONABLE EXPECTATION OF PRIVACY

Plaintiff does not contest that a claim for common law invasion of privacy is "not viable unless the plaintiff had an 'objectively reasonable expectation of seclusion or solitude in the place, conversation or data source.'" *Shulman*, 18 Cal.4th at 231, 74 Cal.Rptr.2d 843, 955 P.2d 469. Plaintiff also concedes in her Opposition that she does not argue she had a reasonable expectation of privacy with respect to her "IP addresses and geolocation." (Opp. at 13:1-2.) Plaintiff's concession, coupled with this Court's decisions in *In re Google* and *In re iPhone Application Litig.*, confirms that Plaintiff has not and cannot plausibly allege she had a reasonable expectation of privacy in the data at issue. *In re Google, Inc. Priv. Pol'y Litig.*, 58 F. Supp. 3d 968, 985, 988 (N.D. Cal. 2014); *In re iPhone App. Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012).

Further, *Opperman v. Path*, the only case Plaintiff relies on to support her assertion that Stripe's purported collection is "far from 'routine commercial behavior" (Opp. at 14:11-16), ignores the differences between the two cases. In *Opperman*, the plaintiffs alleged theft of information in their personal contacts lists, not plaintiff's own contact information as alleged here. *Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1060 (N.D. Cal. 2014). The *Opperman* court, in finding that it was a question of fact whether defendant's purported copying of plaintiffs' address books was not highly offensive, distinguished its finding from the decision in *Folgelstrom v. Lamps Plus, Inc.,* 195 Cal.App.4th 986, 992, 125 Cal.Rptr.3d 260 (2011), which is akin to the claim here. In *Folgelstrom*, the plaintiff alleged the defendant retailer routinely asked for customer zip codes, asked a credit agency to match their zip codes and credit card numbers to home mailing addresses, and subsequently engaged in

mail marketing using the addresses. The court concluded that the plaintiffs did not have a legally protected private interest in their mailing addresses and that the retailer's conduct was not egregious, but "routine commercial behavior." *Id.* at 992. The information Plaintiff alleges was collected here, like in *Folgelstrom*, was not "highly offensive constituting an egregious breach of social norms." For these reasons, Plaintiff's common law invasion of privacy claim must be dismissed.

## IV. CONCLUSION

Based on the foregoing, and the arguments set forth in Crumbl's Motion, Plaintiff's Complaint should be dismissed. At the very least, Plaintiff should be ordered to amend her Complaint to remove any reference to the first prong of Section 631(a), any claim against Crumbl under Section 632, and to dismiss the invasion of privacy claim against Crumbl.

Dated: July 19, 2024

DENTONS US LLP

By: *s/Peter Z. Stockburger*
Peter Z. Stockburger
Kimberly G.A. Dennis

Attorneys for Defendant
CRUMBL, LLC

127348132\V-4