**BURSOR & FISHER, P.A.**
Sarah N. Westcot (State Bar No. 264916)
Stephen A. Beck (*pro hac vice* forthcoming)
701 Brickell Avenue, Suite 2100
Miami, FL 33131
Telephone: (305) 330-5512
E-mail: swestcot@bursor.com
sbeck@bursor.com

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

KRISTEN LOCKHART, individually and on behalf of all others similarly situated,

Plaintiff,

v.

CRUMBL, LLC,

Defendant.

Case No. 3:24-cv-02607-VC

**PLAINTIFF'S OBJECTION TO REPLY EVIDENCE**

Date: September 26, 2024
Time: 10:00 a.m.
Place: Courtroom 4
Judge: Hon. Vince Chhabria

Pursuant to Civil Local Rule 7-3(d)(1), Plaintiff Kristen Lockhart ("Plaintiff") submits this Objection to Reply Evidence, requesting that the Court strike certain portions of Defendant Crumbl, LLC's ("Defendant") Reply In Support of Motion to Dismiss (ECF No. 15) ("Reply"), raising new arguments not previously brought in Defendant's Motion to Dismiss (ECF No. 12) or in Plaintiff's Opposition/Response to Defendant's Motion to Dismiss (ECF No. 13).

It is well settled that parties "cannot raise a new issue for the first time in their reply briefs." *Hadley v. Kellogg Sales Co.*, 2019 WL 3804661, at *5 (N.D. Cal. Aug. 13, 2019) citing Nevada v. Watkins, 914 F.2d 1545, 1560 (9th Cir. 1990). On a motion to dismiss for failure to state a claim, arguments raised for the first time in reply briefs are waived. *SEB Inv. Mgmt. AB v. Align Tech., Inc.*, 485 F. Supp. 3d 1113, 1134–35 (N.D. Cal. 2020); *Dytch v. Yoon*, 2011 WL 839421, at *3 (N.D. Cal. Mar. 7, 2011) (granting plaintiff's request to strike defendant's reply because it raised new arguments on reply).

Accordingly, Plaintiff objects to the following arguments raised by Defendant for the first time in its Reply, and respectfully request that the Court strike these portions of Defendant's Reply:

- The new argument that "Plaintiff also does not address her failure to allege Stripe, or any third-party, 'read,' 'attempted to read,' or attempted 'to learn' the contents of any communication while 'in transit.'" Reply at 3:5–12.
- The new argument that "Plaintiff does not allege that Stripe monetizes the credit card information collected by Stripe through the deployment of Stripe Elements." Reply at 3:24–28.
- The new argument that "there is no aiding and abetting theory available under Section 632" and that "Plaintiff's Opposition does not address this point . . ." Reply at 4:23–28, 5:1–3, 6:1–2.

Dated: July 26, 2024

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Sarah N. Westcot*
Sarah N. Westcot

Sarah N. Westcot (State Bar No. 264916)
Stephen A. Beck (*pro hac vice* forthcoming)
701 Brickell Avenue, Suite 2100
Miami, FL 33131
Telephone: (305) 330-5512
E-mail: swestcot@bursor.com
sbeck@bursor.com

*Counsel for Plaintiff*